# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LUIS M. RAMOS,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No. 18-CV-1582-JPS<br>Crim. Case No. 10-CR-103-2-JPS<br><br>**ORDER** |

       Petitioner Luis M. Ramos pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113, and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Luis M. Ramos*, 10-CR-103-2-JPS (E.D. Wis.) (the "Criminal Case"), (Docket #27). On February 11, 2011, the late Judge Rudolph T. Randa sentenced him to just over eighteen years' imprisonment. *Id.*, (Docket #37). Petitioner filed an appeal which was dismissed as frivolous in November 2012. *Id.*, (Docket #59).

       Petitioner then filed a motion pursuant to 28 U.S.C. § 2255 to vacate his Section 924(c) conviction on October 9, 2018. (Docket #1). With the passing of Judge Randa, the case was assigned to this branch of the Court for disposition. Petitioner's motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally defaulted. Indeed, Petitioner's motion appears to be both untimely and procedurally defaulted. The Court need not address those matters, however, because Petitioner's sole ground for relief is plainly meritless. Petitioner suggests that under the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), his Section 924(c) conviction has been rendered unconstitutional. (Docket #1 at 2–4). *Dimaya* addressed the criminal code's definition of a "crime of violence," found in 18 U.S.C. § 16. Section 16 has two parts. Section 16(a), known as the "elements" clause, states that a crime is a "crime of violence" if it has as an element the use of physical force. 18 U.S.C. § 16(a). Section 16(b), known as the "residual" clause, says that a crime which does not fall within Section 16(a) may nevertheless be considered a "crime of violence" if it is a felony and "by its nature, involves a substantial risk that physical force" may be used to commit the crime. *Id.* § 16(b). *Dimaya* held that Section 16(b) is unconstitutionally vague. *Dimaya*, 138 S.Ct. at 1223.

Section 924(c)(3) defines "crime of violence" for the purposes of that statute, and uses similar "elements" and "residual" clauses. 18 U.S.C. § 924(c)(3)(A) (elements clause) & (B) (residual clause). Petitioner asserts that under *Dimaya*'s logic, Section 924(c)(3)(B) must also be struck down. Indeed, the Seventh Circuit has already held as much. *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). The problem for Petitioner is that in his case, any concern with Section 924(c)'s residual clause is academic. Indeed, the Seventh Circuit has further held that bank robbery of the kind Petitioner pleaded guilty to, by its nature, includes as an element the use or threat of physical force, and thus qualifies as a crime of violence

under Section 924(c)(3)(A). *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016). Thus, Petitioner's Section 924(c) conviction rests not on that statute's residual clause, but on its elements clause. In other words, it does not matter in Petitioner's case whether the residual clause is unconstitutional.

Because Petitioner is plainly not entitled to relief on the sole ground presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner's motion presented a viable ground for relief. *Dimaya* is irrelevant, and *Armour* completely forecloses his claim. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's motion.

Finally, the Court closes with some information about the actions that Petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this

deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge